AWERKAMP, BONILLA & GILES, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Don Awerkamp (SBN 007572)
da@abdilaw.com
Ivelisse Bonilla, SBn 023594
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erica Alvarado,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Northwest Fire District,<br><br>                    Defendant. | No.<br><br><br>**COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

For her Complaint, Plaintiff, Erica Alvarado, alleges as follows:

### NATURE OF THE CASE

1.      Plaintiff seeks damages arising from employment discrimination on the basis of gender (pregnancy and care giving responsibilities).  Defendants discriminated against Ms. Alvarado and retaliated against her when they terminated her employment because she complained about being treated less favorably because of her pregnancy and child care responsibilities, in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

2.      Plaintiff also seeks damages for retaliation in violation of the Family Medical Leave Act 29 U.S.C. § 2601 *et seq.* ("FMLA").   Defendants retaliated against Mrs. Alvarado for exercising her rights under the FMLA.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the Federal claims in this action pursuant to 28 U.S.C. §§ 1331 because of the Federal questions presented by virtue of the fact that Plaintiff is bringing a claim for discrimination and retaliation on the basis of gender pursuant to 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act, and a claim for retaliation in violation of the FMLA.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants have offices, conduct business, and can be found in this District, and because the causes of action arose and the acts and omissions complained of occurred in this District, specifically in Pima County.

5.      Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation on the basis of gender on May 31, 2018.

6.      On March 13, 2019, the EEOC issued a Notice of Right to Sue.

## PARTIES

7.      Plaintiff, Erica Alvarado, is, and at all relevant times has been, a resident of Pima County, Arizona.

8.      Defendant, Northwest Fire District, employed Ms. Alvarado in Pima County and has more than 15 employees affecting commerce so as to be an "employer" within the meaning of Title VII.

## STATEMENT OF FACTS

9.      Defendant hired Ms. Alvarado as a Fire Inspector Recruit on May 18, 2015. Ms. Alvarado's probationary period was scheduled to end one year later, on May 18, 2016.

10.     Shortly after she was hired, Ms. Alvarado became pregnant.

11.     In August 2015, Ms. Alvarado notified Defendant that she was pregnant and that her due date was April 10, 2016.

12.     Ms. Alvarado's initial supervisor was Jim Pratt.  Mr. Pratt frequently praised Ms. Alvarado's performance.

13.     Ms. Alvarado's evaluations show that she met the expectations of her supervisors.

14.     On March 30, 2016, Ms. Alvarado unexpectedly went into labor.

15.     On May 18, 2016, Ms. Alvarado was offered and placed on Family Medical Leave.

16.     Ms. Alvarado returned to work on June 6, 2016.

17.     Upon her return from Maternity/FMLA leave, Lisa Douglas became Ms. Alvarado's immediate supervisor.

18.     Upon her return from Maternity/FMLA Leave, Ian Robinson advised Ms. Alvarado that the two males that were hired with her were promoted to Inspector Apprentice/Inspector I before the anniversary date of May 18, 2016.

19.     Ms. Alvarado read the District's policy on probationary employees and under what circumstances the period would be extended and then asked Debbie Metzger for clarification on the policy.

20.     On August 2, 2016, Ms. Alvarado met with her supervisor, Lisa Douglas, to go over her evaluation.  Although Ms. Alvarado met all the expectations of her supervisor, the comments on each area were negative.

21.     Within two months of being back at work after Maternity/FMLA Leave, Ms. Alvarado's evaluations portrayed her as a different person.

22.     Ms. Alvarado also learned that her anniversary date had been changed to August 2, 2017.

23.    Ms. Alvarado was treated differently after returning from Maternity/FMLA leave.

24.    Ms. Douglas criticized Ms. Alvarado for being late when she was on time.

25.    Ms. Douglas asked Ms. Alvarado to be careful because she did not want to give Chief Garcia reasons to write Ms. Alvarado up.

26.    Ms. Alvarado explained to Lisa Douglas she made it to work just in time but that she had two kids and needed to be relieved by her parents or mother in law before leaving the house.

27.    At some time after that, Ms. Douglas suggested Ms. Alvarado downsize her vehicle to be able to afford day care.

28.    When enforcing the fire code (state law), Ms. Alvarado was told that she was too strict with the customers during inspections and that she needed to be more "flexible," meaning Ms. Alvarado was to allow customers flexibility in violating the fire code.

29.    On June 16, 2017, Ms. Alvarado met with Lisa Douglas and told her that she had met all her benchmarks and asked her if there was any way for her to get off probation or promoted like her male peers.  Ms. Douglas told Ms. Alvarado that she needed to ask Chief Garcia.

30.    On June 27, 2017, Lisa Douglas met with Chief Garcia.  Ms. Alvarado was able to hear the conversation between Chief Garcia and Lisa Douglas.  Lisa Douglas told Chief Garcia that Ms. Alvarado had approached her and asked if she could get off probation/ considered for promotion early if my benchmarks were met.  Chief Garcia stated: "Where is this coming from?"  Ms. Douglas explained that Ms. Alvarado had learned that her male peers had gotten off probation and been promoted prior to their anniversary dates and was asking for the same consideration.  Chief Garcia said: "we are talking about different people."  Ms. Douglas said: "It would only be fair."  Chief Garcia then said: "fairness is subjective."  Chief Garcia then said "just for the fact that she asked, I say no."

31.    On August 11, 2017, Ms. Alvarado met with Ian Robinson and Lisa Douglas to express her frustration about not being able to take time off when needed to take her kids to school.  Ms. Alvarado also stated it was not fair because Chief Garcia arrived late at least one day a week because of taking his daughter to school without being penalized.  Ms. Alvarado also expressed her frustration about the extension of her probation because of her pregnancy and FMLA Leave.

32.    On August 16, 2017, Ms. Alvarado met with her supervisor to go over her evaluation.  The draft of the evaluation Ms. Alvarado reviewed prior to the meeting had an anniversary date of August 2, 2017, but the final evaluation she was given at the meeting showed an anniversary date of August 9, 2017.

33.    Ms. Alvarado asked Lisa Douglas about the anniversary date change and she was told to ask Human Resources.

34.    Ms. Alvarado went to Human Resources and met with Debbie Metzger, Patricia Aguilar and her supervisor, Lisa Douglas, about the anniversary date.  While discussing the anniversary date (August 2 or 9th) Ms. Alvarado asked why her anniversary date was extended from May 18 to August in the first place.  Ms. Alvarado asked if it would ever go back to May 18 and complained about the fact that she was being held back because of her pregnancy and FMLA Leave.

35.    On August 28, 2017, Ms. Alvarado met with Chief Garcia and Lisa Douglas. In that meeting she was provided for the first time a Personnel Change Agreement that stated it was effective June 6, 2016 and that it was allegedly authored on August 29, 2017, although the meeting was on the 28th.  Ms. Alvarado again stated she felt held back because of her pregnancy, but her male colleague was not held back because of his paternity leave.

36.    Ms. Alvarado's work environment was getting to be very difficult.  She was accused by her supervisor of not being able to do her work well and she was belittled at meetings in front of her peers.

37.    Ms. Alvarado's supervisor avoided going out with her during inspections.

38.    On February 9, 2018, Ms. Alvarado's supervisor asked Ms. Alvarado if she was afraid to go to her with any issues.  Ms. Alvarado's supervisor said she hoped Ms. Alvarado knew she could tell her anything.

39.    On February 28, 2018, after learning her male co-worker's schedule was changed in order to accommodate his family needs, Ms. Alvarado asked Lisa Douglas if she could meet with her.  Ms. Alvarado expressed her frustrations about the way Ms. Douglas was treating her and how she felt she was being singled out.  Ms. Alvarado told Ms. Douglas that she felt discriminated against because of her gender and because of her caregiving responsibilities.

40.    On March 2, 2018, Ms. Alvarado was placed on administrative leave with pay due to allegations that she was insubordinate.

41.    Effective March 26, 2018, Ms. Alvarado was terminated because she was allegedly insubordinate to her supervisor during the February 28, 2018 meeting.

42.    Defendant's proffered reason for terminating Ms. Alvarado's employment is a pretext.

43.    Defendant terminated Ms. Alvarado's employment because of her pregnancy and caregiving responsibilities in violation of the Pregnancy Discrimination Act and in retaliation for opposing discrimination and exercising her FMLA rights.

**FIRST CAUSE OF ACTION**

**(Discrimination and Retaliation Under Title VII)**

44.    Ms. Alvarado has a cause of action against Defendant for violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

45.    Defendant discriminated against Ms. Alvarado because of her pregnancy and her responsibilities in caring for her children.

46.    Defendant retaliated against Ms. Alvarado for opposing the discrimination against her.

47.    As a result of Defendant's discriminatory and retaliatory actions, Ms. Alvarado has suffered, and will continue to suffer, lost income, diminished earning capacity, and emotional distress damages.

## SECOND CAUSE OF ACTION

### (Retaliation for Exercising FMLA Rights)

48.    Ms. Alvarado has a cause of action against Defendant for retaliation in violation of the FMLA.

49.    Defendant retaliated against Ms. Alvarado for exercising her FMLA rights by extending her probationary period and ultimately terminating her employment.

50.    As a result of Defendant's retaliatory actions, Ms. Alvarado has suffered damages.

## REQUEST FOR JURY

51.    Plaintiff requests a trial by jury to the fullest extent permitted by law.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, Erica Alvarado, requests judgment against Defendant awarding her the following:

(a)    Compensatory damages for damage to professional reputation, lost income, diminished earning capacity, harm to reputation and emotional distress;

(b)    Attorneys' fees and costs incurred in this lawsuit; and

(c)    Any other equitable relief this Court deems appropriate and just.

1     RESPECTFULLY SUBMITTED on April 2, 2019.

2                                              AWERKAMP, BONILLA & GILES, PLC

3

4                                              By /s/  Ivelisse Bonilla_____
                                                  Ivelisse Bonilla
5                                                 Shannon Giles
                                                  *Attorneys for Plaintiff*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26