**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Erica Alvarado,<br><br>        Plaintiff,<br><br>vs.<br><br>Northwest Fire District,<br><br>        Defendant. | No. CIV 19-198-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Amend Scheduling Order to Extend Expert Deadlines filed by Northwest Fire District ("District") (Doc. 51). Plaintiff Erica Alvarado ("Alvarado") has filed a response and the District has filed a reply. Also pending before the Court is the District's Motion for Rule 35 Examination (Doc. 54); a response and reply have been filed.

*Motion to Amend Scheduling Order to Extend Expert Deadlines* (Doc. 51)

The District requests the expert deadline be extended to accommodate a Fed.R.Civ.P. 35 examination. Another district court has stated:

> Rule 35 does not specify a deadline for conducting an independent medical examination . . . "District courts are split as to whether the party seeking a Rule 35 examination must make the request before the Rule 26 deadline to designate experts expires." *Mailhoit v. Home Depot U.S.A., Inc.*, 2013 WL 12122580, at *5 (C.D. Cal. Jan. 24, 2013) (citing *Diaz v. Con-Way Truckload*, 279 F.R.D. 412, 416-17 (S.D. Tex. 2012) (recognizing split and discussing cases); *Manni v. City of San Diego*, 2012 WL 6025783 at *3 (S.D. Cal. Dec. 4, 2012) (same).

*Buffington v. Nestle Healthcare Nutrition Inc.*, No. SACV1800106JVSJDEX, 2019 WL 3063516, at *2 (C.D. Cal. Apr. 18, 2019). As the issue is not clear, the Court will consider

1  the Fed.R.Civ.P. 35 request in conjunction with Fed.R.Civ.P. 16 and 26.

2  A scheduling order may be modified only for good cause. Fed.R.Civ.P. 16(b)(4).
3  However, where a request for an extension is not made until after a deadline, it may be
4  granted only with a showing of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B) (allowing
5  extension of time on motion after expiration of deadline if party failed to act by excusable
6  neglect).

7  Alvarado argues the District has been on notice since at least July 3, 2019, that she is
8  seeking emotional distress damages, knew of her diagnosis and symptoms in September of
9  2019, and had her psychologist's records by December 30, 2019. Further, the District knew
10 by mid-January that Alvarado would not consent to a Rule 35 examination.

11 However, the District argues "[d]iscovery is cumulative and sometimes takes time to
12 gather all the relevant pieces to form a complete picture of a plaintiff's claim[,]" and that it
13 was not until December 11, 2019, that the District discovered anything regarding
14 Alavarado's "preexisting psychological condition, which undoubtedly has an impact upon
15 her emotional distress claim" and learned Alvarado had named her treating physician as a
16 fact witness. Reply, pp. 1-2 (Doc. 60). The District argues that significant time expired
17 based on the conduct of Alvarado (e.g., although a medical authorization was provided on
18 October 29, 2019, it was not returned until December 6, 2019; the District did not learn of
19 Alvarado's psychological treatment during prior employment until Alvarado's December 5,
20 2019, deposition). The District points out that, by the time it had accumulated this
21 information, the expert deadline had passed nearly six weeks earlier.

22 The District further asserts it requested a Rule 35 examination within two weeks of
23 receiving the psychologist's records. After the request was denied, the District chose to wait
24 until after the psychologist's deposition and preparation of the transcript so it could "review
25 the transcript to ensure there was adequate support to request a Rule 35 Examination."
26 Reply, p. 3 (Doc. 60).

27 Excusable neglect rests on the relevant circumstances surrounding a party's failure to
28 meet a deadline. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

395 (1993). The Supreme Court has set forth four factors to be considered in determining if excusable neglect exists: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004); *see also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674 (9th Cir. 2009).

Although excusable neglect is a "flexible, equitable concept," "inadvertence, ignorance of the rules, or mistakes construing the rules do not constitute 'excusable' neglect.'" *Kyle v. Campbell Soup Company*, 28 F.3d 928, 931 (9th Cir. 1994), *quoting Pioneer*, 507 U.S. at 392.[1] However, the Ninth Circuit has determined that it is appropriate to also evaluate whether an attorney has "otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . and the likelihood of injustice if the appeal [is] not allowed." *Pincay*, 389 F.3d at 859. Additionally, "[w]hile prejudice to the party seeking an extension is not one of the *Pioneer* factors, it is clear from *Pincay* that a district court is not limited in its analysis of a motion for extension of time to those four factors." *Mendez v. Knowles*, 556 F.3d 757, 765 n. 2 (9th Cir. 2009). Lastly, when a modification of a scheduling order "is necessitated by acts of the opposing party or by the opponent's failure to act, relief [may be] appropriate." Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2020).

In this case, the delay itself does not unduly prejudice Alvarado. *See Gilliard v. Gruenberg*, 302 F. Supp. 3d 257, 273 (D.D.C. 2018), *citation omitted* ("Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely."); *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996) ("undue prejudice"

---

[1] Indeed, a finding of excusable neglect where counsel was simply ignorant of the applicable rule runs the risk that the excusable neglect "'exception [will] swallow the rule.'" *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

- 3 -

1  means improper or unfair detriment).  Further, the District has not requested an extension of
2  other deadlines.  As the dispositive motion deadline has already passed, it is only if this
3  matter is not resolved by summary judgment that the evidence would potentially be used at
4  trial.  In other words, the delay will not impact the judicial proceedings.

5  Additionally, it is clear the District acted with diligence through the time until the
6  expert deadline and the receipt of the psychiatrist's records.  However, the District "clearly
7  could have informed the Court of the situation and sought leave to extend the . . . [discovery]
8  deadline" earlier. However, [after receiving the psychiatrist's records,] rather than informing
9  the Court and requesting to extend the deadline, [the District] simply allowed the time to
10 expire."  *UC Rest., LLC v. Maricopa Cty.*, No. CIV 05-1602-PHX-MHM, 2007 WL 473681,
11 at *3 (D. Ariz. Feb. 8, 2007). Nonetheless, the District's actions in seeking consent to a Rule
12 35 examination and scheduling the psychiatrist's deposition shows the District continued to
13 act diligently despite not informing the Court of the circumstances.  *See e.g. Walti v. Toys*
14 *R Us*, 2011 WL 3876907 at *6 (N.D. Ill. Aug. 31, 2011) (defendants were "not unreasonable
15 . . . to wait to see [plaintiff's] expert reports before making a decision about whether to
16 request a Rule 35 examination").  There is no basis to conclude the District's conduct was
17 not in good faith.  The Court finds excusable neglect exists.

18 The Court will grant the request for an extension as the Court has decided *infra* that
19 a Rule 35 examination is appropriate.  However, although only a request for disclosure by
20 the defense has been requested, the Court will grant the extension for both parties.

21

22 *Motion for Rule 35 Examination* (Doc. 54)

23 The applicable rule provides that the court "may order a party whose mental or
24 physical condition . . . is in controversy to submit to a physical or mental examination by a
25 suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1).  The Supreme Court has set
26 forth standards for compelling a Rule 35 examination. *Schlagenhauf v. Holder*, 379 U.S. 104
27 (1964).  The Court's starting premise was that "'the deposition-discovery rules are to be
28 accorded a broad and liberal treatment' to effectuate their purpose that 'civil trials in the

- 4 -

1 federal courts no longer need be carried on in the dark.'" *Id.* at 115, *citations omitted*. A
2 Rule 35 examination requires a showing that the party's mental or physical condition is "in
3 controversy" and that there is "good cause" to issue the order. *Id*. at 117.  However, unlike
4 other discovery tools, a mental or physical examination under Rule 35 requires more than a
5 showing of "mere relevance" and may not be granted based on "mere conclusory allegations
6 of the pleadings." *Id*. at 113, 118.

7 Rather, "garden variety" emotional distress claims are not sufficient to place a party's
8 mental state "in controversy." *Banga v. Kanios*, No. 16-CV-04270-RS (DMR), 2020 WL
9 1905557, at *1–2 (N.D. Cal. Apr. 16, 2020). Generally, "garden variety emotional distress"
10 has been defined as "ordinary or commonplace emotional distress" or that which is "simple
11 or usual." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003).  However, a claim of
12 emotional distress may sufficiently place a plaintiff's mental state "in controversy" for
13 purposes of Rule 35 where it is accompanied by one or more of the following: "(1) a cause
14 of action for intentional or negligent infliction of emotional distress; (2) an allegation of a
15 specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional
16 distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or
17 (5) plaintiff's concession that his or her mental condition is 'in controversy.'" *Turner v.*
18 *Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995), *citations omitted*; *see also Hardin v.*
19 *Mendocino Coast Dist. Hosp.*, No. 17CV05554JSTTSH, 2019 WL 1493354, at *1 (N.D. Cal.
20 Apr. 4, 2019).

21 Here, Alvarado claims she suffered severe emotional distress and alleges a specific
22 disorder. Additionally, she acknowledges her severe emotional distress has been an issue
23 from the beginning of the case. The Court finds a Rule 35 examination is appropriate.

24 However, the Court agrees with Alvarado that it is not reasonable to expect her to
25 travel to the Phoenix area to complete the examination.

26 Accordingly, IT IS ORDERED:

27 1. The Motion to Amend Scheduling Order to Extend Expert Deadlines (Doc. 51)
28 is GRANTED.

       a.     The deadline for filing expert disclosure for both parties is extended to July 6, 2020.

       b.     The deadline for expert discovery for both parties is extended to August 10, 2020.

2.    The Motion for Rule 35 Examination (Doc. 54) is GRANTED. The District shall arrange for the examination to take place in or near Tucson.

DATED this 5th day of May, 2020.

_____
Cindy K. Jorgenson
United States District Judge