**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Erica Alvarado,
Plaintiff,
vs.
Northwest Fire District,
Defendant.

No. CIV 19-198-TUC-CKJ

**ORDER**

On September 27, 2021, counsel presented argument to the Court regarding the motions *in limine*. The Court took the issues presented in the Motion *in Limine* #2 Regarding Plaintiff's Previous Employment at Drexel Heights Fire District (Doc. 82) filed by Erica Alvarado ("Alvarado") under advisement. For the following reasons, the Court grants in part and denies in part the Motion.

*Relevance and Probative Value*

In her Motion, Alvarado requests Defendant Northwest Fire Department ("NFD") be precluded from offering evidence at trial or mentioning that Alvarado previously worked at Drexel Heights Fire District ("DHFD") or anything regarding her employment at DHFD, including any testimony or documents. Alvarado asserts the evidence is not relevant and any probative value is outweighed by the danger of unfair prejudice and confusing the issues.

NFD asserts, however, the evidence is relevant to both NFD's decision to terminate Alvarado and to the scope and causation of Alvarado's mental condition and claim for emotional distress damages. It points out "responsive documents, several memoranda and

other communications from Alvarado's personnel file at Drexel Heights" were a partial basis in support of the decision to terminate Alvarado's employment. Indeed, the Notice of Intent to Terminate stated as one basis for the termination:

> A Public Record review of your Personnel File with your former employer, Drexel Heights Fire District, was conducted and shows documentation of similar behavior to what you have exhibited at Northwest Fire District, such as, "difficulty accepting constructive criticism" (i.e., guidance or counseling without taking it personally), and a "lack of accepting personal responsibility," making it extremely difficult for you to be supervised."

Response, Ex. 2 (Doc. 90-2).

Whether NFD had a valid basis to terminate Alvarado is a significant issue in this case. Indeed, Alvarado must establish that NFD's "asserted reasons for her . . . termination were pretextual; i.e., either that a discriminatory reason more likely than not motivated the employer or that the employer's explanation is unworthy of credence." *Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir. 1988). In a similar case, the court stated:

> Plaintiff's past work performance is not relevant to the issues presented in this case. In addition, absent from the record is the reason why Plaintiff was terminated from WHTM. There has been no indication, let alone substantive proof, that Plaintiff's termination was related to his performance. What we do know about Plaintiff's termination from, and subsequent lawsuit against, WHTM, is that the circumstances surrounding Plaintiff's prior employment appear to be wholly unrelated to the matters at issue in this case.
>
> The evidence is also highly prejudicial under Rule 403. It would support an inference that Plaintiff is a problem employee, and that Defendants were justified in terminating him, as other employers had done so in the past. The risk of juror confusion is high

*Burlington v. News Corp.*, No. CIV.A. 09-1908, 2015 WL 3439149, at *16 (E.D. Pa. May 27, 2015).

In this case, however, the evidence indicates the parties are aware the conduct of Alvarado is alleged to be similar with both employers. Additionally, the prior employment is relevant in this case because it was one of the reasons why NFD purportedly terminated Alvarado. The evidence is clearly relevant to the issue of whether NFD's termination of Alvarado was pretextual. However, the evidence is prejudicial because it may infer Alvarado is a problem employee.

Alvarado argued during the hearing that, based on NFD's response, NFD is offering the DHFD employment records as evidence to show a pattern of behavior. During argument, NFD asserted a specific paragraph in the notice of termination provided one reason for NFD's decision to terminate Alvarado. Response, Ex. 2 (Doc. 90-2, ECF p. 3 of 4). Additionally, NFD asserts in its Response that, after Alvarado provided context to her employment in a hearing before the Board of Appeals, the Board of Appeals "considered all evidence obtained through the investigation into Alvarado's misconduct, including the relevant portions of her Drexel Heights personnel file[.]" Response (Doc. 90, p. 2). The Court finds it appropriate to permit the use of the specific paragraph that NFD asserts was considered in the decision to terminate Alvarado. However, the additional personnel documents were apparently not a basis for the initial decision to terminate Alvarado. There is no information before this Court as to what standard of review was used by the Board of Appeals (e.g., *de novo* or abuse of discretion). In these circumstances, the Court cannot say the additional personnel documents were a basis for Alvarado's termination. The Court, therefore, grants the Motion *in Limine* #2 Regarding Plaintiff's Previous Employment at Drexel Heights Fire District as to the personnel documents, with the exception of the specific paragraph in the notice of termination.

As to the specific paragraph in the notice of termination, there is no basis to conclude NFD intends to use the prior employer "evidence to commit a character assassination against Plaintiff, which is an improper use of the evidence[.]" *Burlington*, 2015 WL 3439149 at *16. Rather, there is a valid reason to present the evidence. The Court finds the evidence is relevant to the issue of pretext and any unfair prejudice or potential confusion does not substantially outweigh the probative value. This portion of the Motion is denied.

NFD also asserts the DHFD evidence is relevant to Alvarado's mental condition and emotional distress damages. NFD asserts:

> Dr. Falcon and Dr. Beck considered Alvarado's employment history with Drexel Heights to assess Alvarado's mental condition. Any reference to Alvarado's employment with Drexel Heights in Dr. Falcon's or Dr. Beck's testimony or written materials is therefore probative of the scope and causation of Alvarado's claim for

emotional distress damages as follows.

Response (Doc. 90, p. 3). Alvarado asserts, however, that the portions that mention Alvarado's employment at DHFD are not relevant for the same reason as the employment records. Indeed, there is no information before the Court to conclude NFD had these documents prior to the decision to terminate Alvarado. Therefore, the records that refer to Alvarado's employment at DHFD are not relevant to the pretext issue.

However, NFD points out that these documents are relevant because the doctors considered Alvarado's employment history with DHFD to assess Alvarado's mental condition. "The distinction between statements admitted to establish [conduct] and statements about [conduct] admitted to establish the basis of an expert's opinion may be a fine one, but, nevertheless it exists." *Orozco v. Kramer*, No. CV 08-5504AHMCT, 2009 WL 10670693, at *13 (C.D. Cal. May 8, 2009). The Court finds evidence considered by doctors to assess Alvarado's mental condition is relevant. Further, any danger of unfair prejudice or confusion of the issues does not substantially outweigh its probative value. The Court denies this portion of the motion *in limine*.

*DHFD Evidence as Hearsay*

Alvarado also asserts a number of the documents are or include hearsay. As the specific paragraph in the notice of termination was used to provide a partial basis for termination, it is not being offered for the truth of the matter asserted, but to explain NFD's subsequent conduct. Fed.R.Evid. 801(c); *see also Luckie v. Ameritech Corp.*, 389 F.3d 708, 716 (7th Cir. 2004) ("each statement was offered to show [supervisor's] state of mind at the time she was evaluating [employee's] performance"). As such, these statements are admissible for limited purposes.

Further, as to NFD's assertion the records are probative of emotional distress damages, the Court fails to see how this purpose is anything other than offering the evidence for the truth of the matter asserted. As stated by another district court, "[i]f they are not

offered for the truth of the matter asserted, they would be irrelevant to the issue of damages." *Muffett v. City of Yakima*, No. CV-10-3092-RMP, 2011 WL 13091967, at *2 (E.D. Wash. Nov. 9, 2011).

However, as to any records considered by doctors to assess Alvarado's medical condition, such statements may "be considered for the limited purpose of showing the information on which the medical experts based their opinions . . . [A]lthough the experts assumed the truth of the matter asserted, the jury [may be] specifically instructed that the statements [are] not introduced to establish the truth of the underlying statements. *Orozco*, 2009 WL 10670693 at *13.

Moreover, although the evidence may prejudice Alvarado, it is not unfair prejudice, i.e., it would not have a tendency to suggest a decision on an improper basis. *See e.g., United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.") Additionally, there is no basis to conclude the evidence would confuse the jury. The Court finds the evidence is admissible as not hearsay. The parties may propose an appropriate limiting instruction. *See Francis v. Franklin*, 471 U.S. 307, 324 (1985), *holding modified by Boyde v. California*, 494 U.S. 370 (1990) ("Absent such extraordinary situations, however, we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions. As Chief Justice Traynor has said: '[W]e must assume that juries for the most part understand and faithfully follow instructions. The concept of a fair trial encompasses a decision by a tribunal that has understood and applied the law to all material issues in the case.'"), *citations omitted*.

Accordingly, IT IS ORDERED:

1. The Motion *in Limine* #2 Regarding Plaintiff's Previous Employment at Drexel Heights Fire District (Doc. 82) is GRANTED IN PART AND DENIED IN PART as discussed herein and, specifically, as follow:

a. The specific paragraph in the notice of termination is admissible as non-hearsay.

b. The DHFD personnel records are admissible to the extent doctors considered them to assess Alvarado's medical condition.

DATED this 18th day of October, 2021.

Cindy K. Jorgenson
United States District Judge