**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erica Alvarado,<br><br>  Plaintiff,<br><br>vs.<br><br>Northwest Fire District,<br><br>  Defendant. | No. CIV 19-198-TUC-CKJ<br><br>**ORDER** |

  Pending before the Court is the Motion for Leave to Take Videotaped Trial Deposition fo John Beck (Doc. 105) filed by Defendant Northwest Fire District ("NFD"). A response (Doc. 107) and a reply (Doc. 108) have been filed.

*Fed.R.Civ.P. 32(a)(4)*

  The applicable rules provides that a deposition of a witness may be used "for any purpose" at trial if he or she "is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition" or "exceptional circumstances make it desirable, in the interest of justice and with due regard to the importance of live testimony in open court, to permit the deposition to be used." Fed.R.Civ.P. 32(a)(4)(B) and (E).

*Fed.R.Civ.P. 32(a)(4)(B) – Distance*

  In this case, witness John Beck, Ph.D. ("Dr. Beck") will be more than 100 miles from the place of the trial and it does not appear that Dr. Beck's absence was procured by NFD.

Indeed, Dr. Beck was apparently available for the first two scheduled trial dates. Dr. Beck's unavailability only arose upon the need to reschedule the trial date because of the Court's scheduling conflict.

The Court finds the use of deposition testimony under Fed.R.Civ.P. 32(a)(4)(B) is appropriate. However, because Dr. Beck has been not deposed, NFD seeks to now conduct a deposition of Dr. Beck although the discovery deadline has passed. Once a district court has issued a Rule 16 scheduling order setting deadlines, it may be "modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Further, an extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed.R.Civ.P. 6(b)(1)(B); *see also Mireles v. Paragon Sys., Inc.*, No. 13-CV-122-L (BGS), 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) ("a party moving to amend a pleading after a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause"), *citation omitted*; *Almaraz v. City of Mesa*, No. CV-10-1348-PHX-FJM, 2011 WL 1661535, at *1 (D. Ariz. May 3, 2011) (applying excusable neglect standard to motion to reopen scheduling order deadline); *Hernandez v. Maricopa Cty.*, No. CV-07-272-PHX-JAT, 2009 WL 77647, at *1 (D. Ariz. Jan. 12, 2009) (explaining that "excusable neglect is the standard that must be met by the parties to receive an extension of an expired deadline").

There are at least four factors in determining whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000), *citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable is ultimately an equitable one, taking into account all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

1    The expert disclosure deadline in this case was July 6, 2020.  While allowing the deposition would result in a deposition over two years after the deadline, it appears the granting of the request would not delay the scheduled trial date.  In other words, although the length of the delay is significant, the potential impact on the scheduling of the proceedings is non-existent.  Additionally, the Court finds no basis to conclude NFD has acted in bad faith.

As to the danger of prejudice to the opposing party, Alvarado asserts she "should not be prejudiced by Defendant's decisions to forego a deposition of Dr. Beck and to agree a trial date at a time when he is scheduled to be on vacation."  Opposition (Doc. 107, p. 2).  However, Alvarado does not state what prejudice she will suffer a deposition is allowed.  Conversely, NFD asserts it will be unduly prejudiced if a deposition is not permitted because Dr. Beck's expected trial testimony is relevant and essential to the defenses at trial.  *See* Motion (Doc. 105, pp. 5-7).

Significant to the Court is the reason for the delay.  The trial date was twice continued because of court-related issues, as opposed to a request from the parties.  The trial was originally set for February 28, 2022, but continued to April 18, 2022, due to insufficient courtrooms which accommodate COVID-19 protocols available on the scheduled trial date.  The trial was again continued to May 9, 2022 to accommodate the Court's scheduling conflicts.  The Court finds it reasonable that the NFD agreed to the trial date in these circumstances.  Moreover, although NFD could have chosen to depose Dr. Beck at an earlier time, it was reasonable for NFD to previously expect to present the live testimony of Dr. Beck at trial.

In light of these factors, the Court in its discretion finds it appropriate to permit the deposition of Dr. Beck.  *See e.g., Draper v. Rosario*, 836 F.3d 1072, 1081 (9th Cir. 2016) (it is within the court's discretion to authorize a deposition)

*Fed.R.Civ.P. 32(a)(4)(E) – Exceptional Circumstances*

As previously stated, the applicable rules provides:

(4) *Unavailable Witness*. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

* * * *

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed.R.Civ.P. 32(a)(4)(E). The weight of authority suggests the "exceptional circumstances" requirement of Fed.R.Civ.P. 32(a)(4)(E) is a stringent standard. *Forbes v. Cty. of Orange*, 633 F. App'x 417, 418 (9th Cir. 2016) ("The district court permissibly concluded that Forbes' counsel failed to do as much as he should have done to ensure Gonzales' attendance at trial. . . The inability to secure Gonzales' live testimony at trial cannot be attributed to 'exceptional circumstances.'"); *McDowell v. Blankenship*, 759 F.3d 847, 851 (8th Cir. 2014) ("We agree Rule 32(a)(4)(E) permits deposition testimony where, in the district court's judgment, live testimony from the deponent is impossible or highly impracticable and 'the interest[s] of justice,' 'with due regard to the importance of live testimony in open court,' counsel in favor of admissibility."); *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963-64 (10th Cir. 1993) (finding that a physician's refusal to appear to testify at trial is not an exceptional circumstance justifying substitution of a deposition transcript: absent a reason why the witness cannot appear, serious prejudice alone cannot justify admission of the deposition testimony); *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990) (noting that the circumstances of a witness' absence are exceptional when akin to the witness being "unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena.").

Other procedural and evidentiary rules also suggest that the standard poses a high bar. Fed.R.Evid. 804(a)(2), for example, specifies that a witness is "unavailable" for hearsay purposes if he refuses to testify despite a court order to do so. Fed.R.Civ.P. 43(a) requires a showing of compelling circumstances and appropriate safeguards to authorize "testimony

in open court by contemporaneous transmission from a different location." "To provide testimony that is not even contemporaneous - like publishing a deposition - necessarily requires the movant to show something beyond 'good cause in compelling circumstances,' which Rule 32(a)(4) describes as 'exceptional circumstances.'" *U.S. ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 6015157, at *2 (D.S.C. Dec. 1, 2017).

The Court finds exceptional circumstances are present in this case to allow the deposition pursuant to Fed.R.Civ.P. 32(a)(4)(E). Not only is the doctor's absence significantly caused by the actions of the Court, but Dr. Beck will be out of the country on the trial date and NFD has provided supporting facts as to why the doctor is not available. *Compare Waller v. Mann*, No. C17-1626RSL, 2021 WL 2531008, at *2 (W.D. Wash. June 21, 2021) (deposition not permitted where, among other factors, witness was within a reasonable distance of the courthouse and supporting facts as to why witness was unavailable were not provided).

Accordingly, IT IS ORDERED:

1. The Motion for Leave to Take Videotaped Trial Deposition fo John Beck (Doc. 105) is GRANTED.

2. NFD may take the videotaped trial deposition of John Beck, Ph.D. in person or over Zoom by April 25, 2022.

DATED this 5th day of April, 2022.

_____
Cindy K. Jorgenson
United States District Judge